Vector Media, LLC v Golden Touch Transp. of NY, Inc. (2020 NY Slip Op 07733)





Vector Media, LLC v Golden Touch Transp. of NY, Inc.


2020 NY Slip Op 07733


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 653045/18 Appeal No. 12702 Case No. 2019-5941 

[*1]Vector Media, LLC, Plaintiff-Respondent,
v
Golden Touch Transportation of NY, Inc., Defendant-Appellant.


Harris Beach PLLC, Uniondale (William J. Garry of counsel), for appellant.
Olshan Frome & Wolosky, LLP, New York (Brian A. Katz of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about June 24, 2019, which granted plaintiff's motion for summary judgment as to defendant's breaches of the parties' Advertising Agreement and WiFi Agreement, unanimously modified, on the law, to deny plaintiff's motion on its claim for breach of contract as to the WiFi Agreement, and otherwise affirmed, without costs.
"If a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure" (Amies v Wesnofske, 255 NY 156, 162-63 [1931]; see also Computer Possibilities Unlimited v Mobil Oil Corp, 301 AD2d 70, 77 [1st Dept 2002], lv denied 100 NY2d 504 [2003]). Contrary to defendant's assertions, neither agreement provided defendant a unilateral right to terminate the contract. Instead, termination is clearly conditioned on defendant's right to operate being terminated by a third party, not itself, and no language in the contract suggests the unqualified right defendant claims. The prevention doctrine is inapplicable only when the parties contract around it, such as by the inclusion of clear language allowing termination for any reason or at any time (see Thor Props., LLC v Chetrit Group LLC, 91 AD3d 476, 478 [1st Dept 2012]; Red Apple Child Dev. Ctr. v Community School Dists. Two, 303 AD 2d 156, 157-158 [1st Dept 2003], lv denied 1 NY3d 503 [2003]; see also MPEG LA LLC v Samsung Elecs. Co., Ltd., 166 AD3d 13, 17-19 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). Here, however, no such language appears in the contract. Thus, the court providently granted plaintiff summary judgment on the breach of contract claim associated with the Advertising Agreement.
Nevertheless, with respect to the claim arising from the WiFi Agreement, triable issues of fact exist as to whether plaintiff breached the agreement by failing to repair damaged hardware.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020